*Stackpole* for the libellant.

[ * 342 ]                                   ━━━

\* Nathaniel Blanchard, Jun. *versus* Daniel Wild.

A judgment rendered in the Court of Common Pleas at the *first term* against a person who was absent from the commonwealth is erroneous. Costs in error where judgment is reversed for *error in fact.*

This was a writ of error upon a judgment of the Court of Common Pleas in this county, rendered at their term in April, 1803.

It appeared by the record of the judgment and process that an action was commenced by *Wild* against *Blanchard* on a promissory note, bearing date the 9th day of June, 1801, by which *Blanchard* promised to pay to one *E. Willard*, or his order, 484 dollars and 8 cents, within thirty days from the date, with interest thereafter; and that the same was endorsed to *Wild;* that the writ was returnable to the same term of the Court of Common Pleas, at which the judgment was rendered; that the officer's return of the service of the writ was, that he had attached certain real estate of *Blanchard*, and left a summons at the place of his abode, as the law directs; and that the judgment was rendered upon the default of *Blanchard.*

The error assigned was in substance, " that judgment was rendered by default in the first term without any continuance ; and that *Blanchard*, at the time of the service of the original writ, was not within the commonwealth, and did not return before the rendition of the judgment; which ought to have been noted and suggested on the record, and suit thereupon continued to the then next term of the Court of Common Pleas."

The defendant in error (protesting that if the said *Blanchard* was out of the commonwealth at the time of the service of the original writ, and of rendering the judgment, he, the said *Wild*, was totally ignorant thereof) demurred, specially, to the assignment of errors;

and, for the causes of demurrer, stated, *First*, that the fact of the absence of the said *Blanchard* from the commonwealth, if real, does not appear on any part of the record of the said * suit; and *secondly*, that, if such were the fact, the [ * **343** ] proper remedy for the said *Blanchard* is by petition to the Court here to grant a review, as by the law is in such case provided, and not by writ of error. The plaintiff joined in demurrer.

The Court (*Dana*, C. J., *Sedgwick*, and *Thacher*, justices) directed the demurrer to be set aside, and *in nullo est erratum* pleaded; because *that* plea is a confession of all errors in fact which are well assigned; and as the demurrer, in this case, can give the defendant no advantage which he might not have under *that* plea, they would not permit the record to be encumbered with unnecessary matter.

The *Chief Justice* was, at first, inclined to think that the remedy for *Blanchard* was by an application to the Court for a *review* of the action, and that a writ of error did not lie in cases of this nature. *Parsons*, as *amicus curiæ*, mentioned the case of *Pike* vs. *Rogers* decided in this Court at their November term, 1788, in *Essex*; and the record was ordered to be brought in. Upon examining the record of *that* case, it appeared that a writ of error was brought by *Pike* vs. *Rogers* upon a judgment of a justice of the peace, on the *process law*, (as it is usually called;) that the officer who served the original writ had attached the goods of *Pike*, and left a summons in form of law at his usual abode; that the judgment was rendered without a continuance, and the error assigned was that, at the time of the service of the original writ, *Pike* was absent, out of the commonwealth, *viz.*, at *Philadelphia*, and did not return until after the rendition of the judgment; to which assignment *Rogers* pleaded *in nullo est erratum*. And that the Court (*Cushing*, C. J., *Sargeant*, *Sewall*, *Dana*, and *Sumner*, justices, present) reversed the judgment.

THACHER, J. I am not satisfied that the judgment *now* in question is erroneous; I think as the * party can [ * **344** ] have a remedy by petitioning the Court for a review, he ought to be confined to *that*; in my opinion, there is a material difference between the law, (*a*) on this subject, as it stood in 1788, and as it now stands. As the law *then* was, if the party against whom a suit was brought were absent out of the state at the time of commencing the suit, and should not return before the time for trial, the cause should be continued. By the *stat.* Feb. 17, 1798, § 5,

(*a*) *Stat.* 12 and 13 *W. III, c. 7, P. L. B.* page 122.

(*stat.* 1797, *c.* 50,) the provision is, that, in such cases, the Court shall continue the action to the next term *on a suggestion of the fact being made on the record.* The last-mentioned act repeals the former, and, by the provision for noting the fact on the record, has, as it seems to me, made *that* an indispensable prerequisite to the obligation imposed, by the statute, on the Court to continue the cause to the next term ; and if so, the want of a continuance cannot be error, although it may be a reason for the interference of this Court in an application for a *review* of the action.

SEDGWICK, J. Where the law makes the existence of a fact a necessary requisite to the judgment of the Court, if the fact do not exist, the judgment will be erroneous. The statute of 1798, as well as the statute which was in force previous to that time, intends that no person against whom a suit is brought shall have judgment rendered against him at the first term, if, at the time of the service of the original writ, he was absent from the commonwealth, and did not return before the time of trial ; and although the Court cannot know the fact otherwise than by a *suggestion* entered on the record, yet, if the plaintiff will take a judgment, he does it at his peril. It was his duty to make the suggestion, and in practice it was always made, if made at all, under the former statute, by the [ * 345 ] plaintiff ; for who * else could make it ? Not the defendant surely ; for he is supposed to be wholly ignorant of the existence of the suit. How, then, are the facts in the case before the Court ? It is assigned for error that the now plaintiff in error, the original defendant, was absent from the commonwealth at the time of the service of the original writ, and that he did not return before the rendition of the judgment. This is confessed to be true by the plea of the defendant in error. The statute is against the principle of the common law, (by which personal notice was always necessary,) and, therefore, it ought to be construed strictly. And it is of very great importance that judgments rendered against persons who have not, in fact, had notice should not be binding, unless the Court, from the positive provisions of the statute, are bound to say they are. In my opinion, the last, as well as the first statute on this subject, makes it indispensably requisite to the validity of a judgment rendered at the first term against a defendant, that he should be in the commonwealth at the service of the writ, or at some time thereafter previous to the rendition of the judgment. As *neither* was the fact in the case before the Court, I am clearly of opinion that the judgment of the Court of Common Pleas is erroneous.

DANA, C. J. By the statute of February, 1798, it is enacted, "that when a suit shall be brought, and no one of the defendants

named therein shall, at the time of the *service* thereof, be an inhabitant or resident within this commonwealth, or *then* be present within the same, and shall not return before the time of trial, then the court wherein such suit shall be pending, *shall continue* the same to the next term, on a suggestion of the fact being made on the record. And if the defendant whose absence was noted on the record shall not appear by himself or attorney, and be so remote that the notice of such suit pending could * not [ * **346** ] probably be conveyed to him during the vacancy, the said court *may continue* the action to the next term." The evident object of the law is, that the defendant should have notice of the suit against him. The statute is *positive* as to *one* continuance, but leaves it in the discretion of the court whether there shall be a *second*. It is said that the *Court* are not bound to continue unless the suggestion is made on record, because, without *that*, they cannot know the fact; admitted. But who is to make the suggestion? The plaintiff, undoubtedly. And if he will take a judgment, he does it at his peril.

*Judgment reversed.*

The Court ordered that costs should be taxed for the plaintiff in error, the reversal of the judgment being for *error in fact*.

C. *Jackson* for the plaintiff ⎱ .
C. *Paine* for the defendant ⎰ in error.